Kendall Stern
5244 Molino
Irvine, CA 92618

Defendant(s) In Pro Per

FILED
CLERK, U.S. DISTRICT COURT
JAN 26 2024
CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION  BY DEPUTY

Fee Due

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

IRVINE PROMENADE APTS II LLC,
    Plaintiff,

vs.

ADAM STERN; DOES 1 TO 5
    Defendant(s).

Case No. SACV 2400189-JVS-KES

NOTICE OF REMOVAL OF ACTION

    To the Clerk of the United States District Court for the Central District of California. PLEASE TAKE NOTICE that Defendant, Kendall Stern hereby removes to this Court, the United States District Court for the Central District of California from the Superior Court of California in and for the County of Orange, and sets forth in support of the Notice of Removal of Action the following:

Pursuant to 28 U.S.C. §1441, Defendant further states as follows:

    1. That Defendant is named as defendant in a civil action filed in the Superior Court of California for the County of Orange.

2. The action was commenced by Plaintiff when Plaintiff filed a Summons in the Superior Court of the State of California, County of Orange, bearing case no. 30-2023-01358015-CL-UD-CJC, entitled IRVINE PROMENADE APTS II LLC v ADAM STERN; DOES 1 TO 5.

3. Defendant was served with the Summons and Complaint on or about October 18, 2023. a true and correct copy attached as Exhibit 1 and incorporated in this notice by reference.

4. The following filings of said case are attached hereto and incorporated herein by reference:

    Exhibit 1: Complaint for Unlawful Detainer – Eviction

    Complaint, both dated October 18, 2023

5. The above-mentioned action is a civil action of which this court has jurisdiction under 28 U.S.C. §§1332 and 1441.

6. This is a civil action over which this court has original jurisdiction and the action is removable to this court pursuant to 28 U.S.C. §§1441(a), 1343

**STATEMENT OF FACTS**

7. *IRVINE PROMENADE APTS II LLC* is not organized or licensed to do business in California.

8. *IRVINE PROMENADE APTS II LLC* is, and at all times relevant to this removal, was the trustee for a securities special purpose vehicle trust, organized for the purchase and sell of securities.

9. The purchase and sell of securities involved, unknowingly, defendant's property which was a federally related mortgage.

10. *IRVINE PROMENADE APTS II LLC* knowingly was not, and at all times relevant to this removal, are not the real party in interest, both before and after the sale of defendants property.

11. The sell of defendant's property was a sham, however defendant will not be able to receive a fair hearing or trial in the state Superior Court for Orange County in that she will

be denied due process because the Superior Court for Orange County will ignore any evidence if there is a trustee's deed upon sell, whether valid or invalid, denying defendant an opportunity to be heard.

WHEREFORE, Defendant prays that the above action now pending in the Los Angeles Superior Court of the State of California, bearing case no. 30-2023-01358015-CL-UD-CJC, entitled IRVINE PROMENADE APTS II LLC v ADAM STERN; DOES 1 TO 5.

Date: January 25, 2024

*[signature]*

Kendall Stern,
Defendant, *In propria persona*

# Exhibit 1

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|
| NAME: Julienne H. Copon, Esq. 340529 <br> FIRM NAME: Wallace, Richardson, Sontag & Le, LLP <br> STREET ADDRESS: 16520 Bake Parkway, Suite 280 <br> CITY: Irvine   STATE: CA   ZIP CODE: 92618 <br> TELEPHONE NO.: (949) 759-1080   FAX NO.: (949) 759-6813 <br> EMAIL ADDRESS: EFILING@WALLACELAW.COM <br> ATTORNEY FOR (name): PLAINTIFF | | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 CIVIC CENTER DRIVE WEST
MAILING ADDRESS:
CITY AND ZIP CODE: SANTA ANA, CA 92701
BRANCH NAME: CENTRAL JUSTICE CENTER

PLAINTIFF: IRVINE PROMENADE APTS II LLC
DEFENDANT: ADAM STERN
[x] DOES 1 TO 5

| COMPLAINT—UNLAWFUL DETAINER* <br> [x] COMPLAINT   [ ] AMENDED COMPLAINT (Amendment Number): | CASE NUMBER: <br> 30-2023-01358015-CL-UD-CJC |
|---|---|

**Jurisdiction** (check all that apply):

[x] ACTION IS A LIMITED CIVIL CASE (amount demanded does not exceed $35,000)
Amount demanded   [x] does not exceed $10,000
                  [ ] exceeds $10,000
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $35,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.
    [ ] from unlawful detainer to general limited civil (possession not in issue).   [ ] from unlimited to limited.

1. PLAINTIFF (name each):
   IRVINE PROMENADE APTS II LLC

   alleges causes of action against DEFENDANT (name each):
   ADAM STERN

2. a. Plaintiff is  (1) [ ] an individual over the age of 18 years.  (4) [ ] a partnership.
                   (2) [ ] a public agency.                          (5) [ ] a corporation.
                   (3) [x] other (specify): A LIMITED LIABILITY COMPANY
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
      5244 MOLINO IRVINE, CA 92618 ORANGE
   b. The premises in 3a are (check one)
      (1) [x] within the city limits of (name of city): IRVINE
      (2) [ ] within the unincorporated area of (name of county):
   c. The premises in 3a were constructed in (approximate year): 2018

4. Plaintiff's interest in the premises is [x] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

| Form Approved for Optional Use <br> Judicial Council of California <br> UD-100 [Rev. January 1, 2024] | **COMPLAINT—UNLAWFUL DETAINER** | Civil Code, § 1940 et seq; <br> Code of Civil Procedure, §§ 425.12, 1166 <br> www.courts.ca.gov |

**UD-100**

| PLAINTIFF: IRVINE PROMENADE APTS II LLC | CASE NUMBER: |
| DEFENDANT: ADAM STERN | 30-2023-01358015-CL-UD-CJC |

6. a. On or about (date): 08/19/2023
   defendant (name each):
   ADAM STERN

   (1) agreed to rent the premises as a [ ] month-to-month tenancy [x] other tenancy (specify): 13 MONTH LEASE
   (2) agreed to pay rent of $ 3,750.00 payable [x] monthly [ ] other (specify frequency):
   (3) agreed to pay rent on the [x] first of the month [ ] other day (specify):

   b. This [x] written [ ] oral agreement was made with
   (1) [x] plaintiff. (3) [ ] plaintiff's predecessor in interest.
   (2) [ ] plaintiff's agent. (4) [ ] Other (specify):

   c. [x] The defendants not named in item 6a are
   (1) [ ] subtenants.
   (2) [ ] assignees.
   (3) [x] Other (specify): UNAUTHORIZED OCCUPANTS

   d. [ ] The agreement was later changed as follows (specify):

   e. [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. [x] (For residential property) A copy of the written agreement is **not** attached because (specify reason):
   (1) [ ] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) [x] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 (complete (a) or (b))
   a. [x] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is (specify): NEW CONSTRUCTION
   b. [ ] is subject to the Tenant Protection Act of 2019.

8. (Complete only if item 7b is checked. Check all applicable boxes.)
   a. [ ] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff (check one)
       (1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
       (2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $
           to (name each defendant and amount given to each):

   c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [x] Defendant (name each): ADAM STERN

   was served the following notice on the same date and in the same manner:
   (1) [ ] 3-day notice to pay rent or quit       (5) [ ] 3-day notice to perform covenants or quit
   (2) [ ] 30-day notice to quit                      (not applicable if item 7b checked)
   (3) [ ] 60-day notice to quit                  (6) [ ] 3-day notice to quit under Civil Code, § 1946.2(c)
   (4) [ ] 3-day notice to quit                       Prior required notice to perform covenants served (date):
                                                  (7) [x] Other (specify): 3/30 DAY NOTICE TO PAY OR QUIT

UD-100 [Rev. January 1, 2024]            **COMPLAINT—UNLAWFUL DETAINER**                    Page 2 of 4

UD-100

| PLAINTIFF: IRVINE PROMENADE APTS II LLC | CASE NUMBER: |
|---|---|
| DEFENDANT: ADAM STERN | 30-2023-01358015-CL-UD-CJC |

9.    b. (1) On *(date)*: 10/9/2023    the period stated in the notice checked in 9a expired at the end of the day.

        (2) Defendants failed to comply with the requirements of the notice by that date.

   c. All facts stated in the notice are true.

   d. [x] The notice included an election of forfeiture.

   e. [x] A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

   f. [ ] One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a–e and 10 for each defendant and notice.)*

10. a. [x] The notice in item 9a was served on the defendant named in item 9a as follows:

    (1) [ ] By personally handing a copy to defendant on *(date)*:

    (2) [ ] By leaving a copy with *(name or description)*:
       a person of suitable age and discretion, on *(date)*:    at defendant's
       [ ] residence    [ ] business  AND mailing a copy to defendant at defendant's place of residence
       on *(date)*:    because defendant cannot be found at defendant's residence or usual place of business.

    (3) [x] By posting a copy on the premises on *(date)*: 09/08/2023
       [ ] AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises
       on *(date)*: 09/08/2023
       (a) [ ] because defendant's residence and usual place of business cannot be ascertained OR
       (b) [x] because no person of suitable age or discretion can be found there.

    (4) [ ] *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date)*:

    (5) [ ] *(Not for residential tenancies; see Civil Code, § 1953, before using)* In the manner specified in a written commercial lease between the parties

   b. [ ] *(Name)*:
    was served on behalf of all defendants who signed a joint written rental agreement.

   c. [ ] Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.

   d. [x] Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11. [ ] Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.

12. [x] At the time the 3-day notice to pay rent or quit was served, the amount of **rent due** was $5,500.00

13. [x] The fair rental value of the premises is $125.00 per day.

14. [ ] Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 14.)*

15. [x] A written agreement between the parties provides for attorney fees.

16. [ ] Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage)*:

    Plaintiff has met all applicable requirements of the ordinances.

17. [ ] Other allegations are stated in Attachment 17.

18. Plaintiff accepts the jurisdictional limit, if any, of the court.

| PLAINTIFF: IRVINE PROMENADE APTS II LLC | CASE NUMBER: |
| --- | --- |
| DEFENDANT: ADAM STERN | 30-2023-01358015-CL-UD-CJC |

### 19. PLAINTIFF REQUESTS

a. possession of the premises.
b. costs incurred in this proceeding:
c. [x] past-due rent of $ 5,500.00
d. [x] reasonable attorney fees.
e. [x] forfeiture of the agreement.
f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [x] damages at the rate stated in item 13 from
   date: 10/1/2023
   for each day that defendants remain in possession through entry of judgment.
h. [ ] statutory damages up to $600 for the conduct alleged in item 14.
i. [x] other (specify):
   FEES IN THE AMOUNT OF $800.00

20. [x] Number of pages attached (specify):  6

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

21. [x] (Complete in all cases.) An unlawful detainer assistant [x] did not [ ] did for compensation give advice or assistance with this form. (If declarant has received **any** help or advice for pay from an unlawful detainer assistant, complete a–f.)

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on (date):

Date: 10/12/2023

Julienne H. Copon, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION

(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

See attached
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF)

## VERIFICATION

I am employed by the property management company for the plaintiff in this action, and I make this verification for that reason and because I am more familiar with the facts alleged in the complaint than the plaintiff. I have read the foregoing Complaint-Unlawful Detainer and know its contents. The same is true of my knowledge, except as to the matters which are stated on information and belief and as to those matters, I believe it to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 10/10/2023, in Irvine, California.

Signature: _____

Print Name: John Crowder

Title: Senior Representative

State of California	)
	)ss.   **CERTIFICATE OF SERVICE**
County of Orange	)

On January 25, 2024, I, Morgan Davis, do hereby certify that I am over the age of eighteen (18), and not an interested party to the above referenced issue, and I deposited in the mail at County of Orange, a true and correct copy of the following document:

**"NOTICE OF REMOVAL OF ACTION"** and a signed copy of this declaration, via first class mail, with postage pre-paid and addressed to the following:

Attn:

Julienne H. Copon, Esq.
Wallace, Richardson, Sontag & Le, LLC
16520 Bake Parkway, Suite 280
Irvine, CA 92618

(Attorney for IRVINE PROMENADE APTS II LLC)

I certify and declare under penalty of perjury that the foregoing is true and correct.

Date: January 25, 2024

_____
Morgan Davis